

Christopher M. Schierloh (CS-6644)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

**08 CV 2987**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FIREMANS FUND INSURANCE COMPANY
a/s/o PACIFIC VALLEY FOODS, INC.,

        Plaintiff,

        - against -

M/V LT GOING, her tackle, boilers, engines, etc. *in rem*; and EVERGREEN MARINE CORPORATION and EVERGREEN AMERICA CORPORATION, *in personam*,

        Defendants.
-----------------------------------------------------------X

2008 Civ.

COMPLAINT



Plaintiff, FIREMANS FUND INSURANCE COMPANY a/s/o PACIFIC VALLEY FOODS, INC. by and through its attorneys, Casey & Barnett, LLC as and for its Complaint against the M/V LT GOING and her engines, boilers, tackle, furniture, apparel, etc., *in rem* and EVERGREEN MARINE CORPORATION and EVERGREEN AMERICA CORPORATION, *in personam*, alleges upon information and belief as follows:

### PARTIES

1.    At all material times, Fireman's Fund Insurance Company (hereinafter "FFIC") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 1 Chase Manhattan Plaza, 37th Floor, New York, NY

10005 and is the subrogated underwriter of a consignment of frozen sweet cob corn laden aboard M/V LT GOING, as more fully described below.

2. At all material times Pacific Valley Foods, Inc. was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 2700 Richards Road, Bellevue, Washington, 98005 and was the owner and/or shipper of a consignment of frozen sweet cob corn laden aboard M/V LT GOING, as more fully described below.

3. Upon information and belief, defendants, Evergreen Marine Corporation and Evergreen America Corporation (hereinafter "Evergreen"), are foreign corporations with a place of business located at c/o Evergreen America Corporation, One Evertrust Plaza, Jersey City, New Jersey 07302 and at all relevant times were and are doing business in this jurisdiction and at all relevant times owned and/or operated the M/V LT GOING.

4. Upon information and belief, at all material times, the M/V LT GOING was a diesel-powered ocean-going vessel engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

5. At all material times defendants were, and still are, engaged in the business of common carriage of goods for hire and owned, operated, managed, chartered and/or otherwise controlled the M/V LT GOING, as common carriers of merchandise by water for hire.

## JURISDICTION

6. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States

## FACTS

7. On or about December 24, 2006, a consignment consisting of 3,430 cases of frozen sweet cob corn in containers No. EISU5649420 and EMCU5164262, then being in good order and condition, was delivered to the defendants and/or their agents in Tacoma, Washington, for transportation to Shanghai, China in consideration of an agreed upon freight, pursuant to Evergreen Marine Corporation bill of lading number EISU456659201179, dated December 24, 2006.

8. Thereafter, the consignment having been loaded aboard the M/V LT GOING, the vessel sailed from the port of Tacoma, Washington to its intended destination.

9. When the consignment of frozen sweet cob corn was booked for transit with Evergreen, Evergreen agreed to maintain the temperatures of the containers at -18 degrees Celsius.

10. On or about January 15, 2007, the vessel arrived at Shanghai, China, whereupon the aforementioned containers of frozen sweet corn cob were discharged from the vessel.

11. Following discharge, it was discovered that the 1,710 cases of frozen sweet corn cob laden in container number EMCU5164262 were not in the same good order and condition as when received by the defendants, but instead, had been exposed to temperatures in excess of -18 degrees Celsius during transit.

12. As a result of the defendants failure to maintain a proper temperature within the container during carriage, the sweet corn was rendered unfit for human consumption and sold for salvage.

13. The damage to the aforementioned consignment did not result from any act or omission on the part of the plaintiff or the shipper, but to the contrary, was the result in whole or in part, of the negligence and/or breach of contract of Evergreen and/or the unseaworthiness of the M/V LT GOING.

14. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

15. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $30,000.00.

16.     Plaintiff has a maritime lien against the M/V LT GOING for the damages referred to herein and will enforce that lien in these proceedings.

17.     All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, Plaintiff prays:

1. In rem service of process be issued against the M/V LT GOING, her engines, boilers, tackle, furniture, apparel, etc.; that the vessels be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. If the in personam defendants cannot be found within this District, then all their property within this District be attached in the amount of $30,000.00 with interest thereon and costs, the sums sued for in this Complaint;

3. The M/V LT GOING, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiffs;

4. The Court order, adjudge and decree that defendants EVERGREEN MARINE CORPORATION, EVERGREEN AMERICA CORPORATION and M/V LT GOING be found joint and /or severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

5. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      March 21, 2008
      299-260

                    CASEY & BARNETT, LLC
                    Attorneys for Plaintiff

By: _____
Christopher M. Schierloh (CS-6644)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225