9129/PMK
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR
61 BROADWAY, SUITE 3000
NEW YORK, NEW YORK 10006
212-344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY a/s/o PACIFIC VALLEY FOODS., <br><br>                                    Plaintiff<br>          -against-<br><br>M/V LT GOING; her engines, tackles, boilers, etc. *in rem*; and EVERGREEN MARINE CORPORATION and EVERGREEN AMERICA CORPORATION, *in personum*<br><br>                                    Defendants. | 08 cv 2987<br>ECF<br><br><br><br>**EVERGREEN'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Evergreen Marine Corporation (Taiwan) Ltd. incorrectly named herein Evergreen Marine Corporation and Evergreen America Corporation (hereinafter collectively referred to as "EMC") by and through its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, Answers the plaintiff's Fireman's Fund Insurance Company a/s/o Pacific Valley Foods (hereinafter collectively referred to as "plaintiff"), complaint 08 cv 2987 as follows:

1. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 1 of plaintiff's complaint.

2. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 2 of plaintiff's complaint.

3. Admit that EMC is a foreign corporation which has an agent, Evergreen America Corporation, now doing business as Evergreen Shipping Agency (America) Corporation

1

("EAC") with an office at One Evertrust Plaza, Jersey City, New Jersey 07302; except as so specifically admitted EMC deny all of the remaining allegations in paragraph 3 of plaintiff's complaint.

4. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 2 of plaintiff's complaint.

5. Admit that EMC is a vessel operating common carrier as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998; except as so specifically admitted EMC Deny all of the remaining allegations in paragraph 5 of plaintiff's complaint.

## JURISDICITION

6. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 6 of plaintiff's complaint.

## FACTS

7. Deny all of the allegations contained in paragraph 7 of plaintiff's complaint, except Admit that on December 24, 2006, containers numbered EISU5649420 and EMCU5164262, said to contain "sweet cob corn", were shipped from a US Port to a foreign port aboard the M/V LT GOING v. 0243-134W pursuant to the terms and conditions of the applicable bill of lading contract, EISU456659201179.

8. Deny all of the allegations contained in paragraph 8 of plaintiff's complaint, except Admit that containers numbered EISU5649420 and EMCU5164262, said to contain "sweet cob corn", were shipped from a US Port to a foreign port aboard the M/V LT GOING v. 0243-134W pursuant to all of the terms and conditions of the applicable bill of lading contract, EISU456659201179 dated December 24, 2006.

9. Deny the allegations contained in paragraph 9 of plaintiff's complaint, except Admit that containers numbered EISU5649420 and EMCU5164262, said to contain "sweet cob corn", were shipped from the a US Port to a foreign port aboard the M/V LT GOING v. 0243-134W pursuant to all of the terms and conditions of the applicable bill of lading contract, EISU456659201179 dated December 24, 2006.

10. Admit that M/V LT GOING v. 0243-134W arrived at the discharge port of Shanghai, CHINA on or about January 15, 2007 and discharged containers numbered EISU5649420 and EMCU5164262.

11. Deny the allegations contained in paragraph 11 of plaintiff's complaint.

12. Deny the allegations contained in paragraph 12 of plaintiff's complaint.

13. Deny the allegations contained in paragraph 13 of plaintiff's complaint.

14. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 14 of plaintiff's complaint.

15. Deny the allegations contained in paragraph 15 of plaintiff's complaint.

16. Deny the allegations contained in paragraph 16 of plaintiff's complaint.

17. EMC is not required to respond to paragraph 17 of plaintiff's complaint since there are no allegations set forth against it therein.

**AFFIRMATIVE DEFENSES**

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

18. The shipment in question was to be carried from a United States port to a foreign port pursuant to a bill of lading contract and EMC's Tariff and was therefore subject to United States Carriage Of Goods by Sea Act 46 U.S.C. (App.) 1300 et. seq.

19. EMC claims the benefit of all exceptions, exemptions and limitations contained in the aforesaid statute or bill of lading contract to the full extent as may be applicable.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. EMC claims the benefit of the Harter Act, the provisions of the General Maritime law, applicable United States foreign law and all vessel limitation of liability statutes to the full extent they may be applicable to it.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21. That if the goods in suit were damaged, which is denied, said damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22. Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23. That if the goods in suit were damaged, which is denied, the damage was proximately caused by inherent vice, defect or quality of the goods in suit, for which EMC is not liable under the Carriage of Goods By Sea Act, 46 U.S.C. Section 1304 (2)(m), and by the terms of the contract of carriage.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24. That if plaintiff's cargo suffered any damage, which EMC Deny, then such damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants or the carrier, and the carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(Q).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act of omission of the shipper, for which the EMC is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2)(i), and by the terms of the contract of carriage.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26. That if the goods in suit were damaged, which is denied, the damage was proximately caused by a third party, over which EMC exercised no control.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27. Defendant EAC was at all times acting as an agent for a disclosed principal, EMC.

**WHEREFORE,** Defendants EMC prays that the complaint against it be dismissed and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
May 22, 2008

        CICHANOWICZ, CALLAN, KEANE,
         VENGROW & TEXTOR, LLP
        61 Broadway, Suite 3000
        New York, New York 10006
        *Attorneys of Defendant*
        EVERGREEN MARINE CORPORATION
        EVERGREEN AMERICA CORPORATION

        By: __S/ Paul M. Keane (PMK-5934)

**CERTIFICATE OF SERVICE BY ECF**

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On May 22, 2008 I served by ECF and Telefax a complete copy of EVERGREEN MARINE CORPORATION and EVERGREEN AMERICA CORPORATION'S answer to the following attorney at the ECF registered address:

Christopher M Schierloh (CS-6644)
CASEY AND BARNETT, LLC
317 Madison Ave, 21st Floor
New York, NY 10017
212-286-0225
*Attorneys for Plaintiff*

DATED:   May 22, 2008
         New York, New York


                              S/    Jessica De Vivo      (JAD/6588)
                                    Jessica De Vivo, Esq.